*Hawser* for plaintiff.

---

# Walker *vs* Parker.

## ERROR TO THE ANDERSON COUNTY COURT.

### *Motions.   County Creditors.*

JUDGE BRECK delivered the opinion of the Court.

This case turns upon the construction of the statute authorizing a motion by a county creditor against the Sheriff or Collector of the county levy.

MOTION.

*Case* 22.

*Sept.* 30.

The case stated.

The county of Anderson was indebted to Parker, when the County Court laid the county levy in November, 1841, seven hundred and fifty dollars, but he was not included for this claim in the list of county creditors, nor was any order at that time made in regard to it.

In November, 1842, the County Court made an order directing Walker, then Sheriff, to pay Parker $750, out of the levy of that year, and the money not being paid, Parker, on his motion to the County Court, at the January term thereof, 1843, obtained a judgment against Walker for the amount. From that judgment Walker has appealed to this Court.

Various objections are urged against the proceedings, but the only one deemed important to notice is, whether the Court below could lawfully entertain the motion.

The act of 1797, concerning tithables, (2 *Stat. Law,* 1114–5,) provides, in effect, that if the Sheriff or Collector shall fail to account with and satisfy any county creditor, therein referred to, the sum levied for him, on or before the 1st day of October, annually, such creditor may proceed, by motion, against the Sheriff or Collector in the County Court. This Court said in *Hobbs* vs *the Commonwealth*, (3 *Bibb*, 322,) that such persons only as were creditors of the county at the time when the levy was laid can sustain a motion against the Sheriff under the act referred to. We think that to sustain the motion a person must not only have been a creditor, but his claim must have been specially provided for, and his name included in the list of county creditors when the levy was laid, and which the act requires should be delivered by the Clerk to the Sheriff within ten days thereafter.

The claim of Parker not having been provided for by the Court, in laying the levy for 1842, and not being upon the list furnished the Sheriff, he was not bound nor authorized to pay it before the first October following, nor until after the order of November, 1842. For failing to pay pursuant to that order, we are aware of no law authorizing the proceeding by motion in the name of Parker. It is true, it appears from a settlement made by the County Court with the Sheriff, about the time the order of November, 1842, was made in favor of Parker, that

None but one who is a county creditor, at the laying of the levy, and whose claim is specially provided for can sustain a motion against a Sheriff.

there was a sum in the hands of the Sheriff sufficient to pay the order, but it was composed in fact of more than $700, due the county from the Sheriff in 1841. For such balances the act referred to authorizes a proceeding by motion in the County Court, by the Justices thereof, against the delinquent Sheriff or Collector, but not in the name of the county creditor.

It is the opinion of the Court, therefore, that the judgment herein be reversed and the cause remanded with directions to dismiss the motion.

*Draffin* for appellant: *Kavanaugh* for appellee.